UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>HUIZHONG SU, and<br>JIA LIANG LIU | : Hon. Steven C. Mannion, U.S.M.J.<br>:<br>: Mag. No. 19-6240<br>:<br>: **CRIMINAL COMPLAINT**<br>: |

I, Marc Sulkin, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Special Agent Marc Sulkin
U.S. Drug Enforcement Administration

Sworn to before me and subscribed in my presence,
August 6, 2019 in Newark, New Jersey

_____
Signature of Judicial Officer

HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

### **Count One**
(Conspiracy to Commit Money Laundering)

From in or around December of 2018, through on or about July 16, 2019, in the District of New Jersey and elsewhere, the defendants,

HUIZHONG SU, and
JIA LIANG LIU

did knowingly and intentionally conspire and agree with each other and others to conduct a financial transaction affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, with the intent to promote the carrying on of such specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

In violation of Title 18, United States Code, Section 1956(h), and Title 18, United States Code, Section 2.

## **ATTACHMENT B**

I, Marc Sulkin, am a Special Agent with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Since in or around December of 2018, Law enforcement has been investigating a drug trafficking organization and money laundering operation (the "DTO/MLO") operating in Mexico, New Jersey, New York, and elsewhere. During the course of the investigation, law enforcement has learned that the DTO/MLO imports narcotics into the United States, and then distributes the narcotics into New York, New Jersey, and elsewhere.

2. During their investigation into the DTO/MLO, law enforcement also learned how the DTO/MLO launders its narcotics proceeds. In particular, the DTO/MLO communicates with a "broker" that arranges for couriers to pick up narcotics proceeds and then transport those narcotics proceeds to a location (the "Stash House") where the money is counted and later provided to additional members of the DTO/MLO to launder.

3. For example, on or about July 16, 2019, law enforcement engaged in physical surveillance of an individual ("Individual-1"), who is a drug trafficker. Law enforcement watched as Individual-1 drove from New Jersey to New York to the vicinity of the Stash House location, and parked his car. A few minutes later a second individual, later identified as defendant Jia Liang Liu approached the car carrying what appeared to be an empty backpack (the "Backpack") and entered the back passenger seat of Indvidual-1's car. Shortly thereafter, Jia Liang Liu exited the car carrying the Backpack, which now appeared to contain brick-shaped objects. Individual-1 then drove away and Jia Liang Liu walked to the lobby of the Stash House location. At that time, law enforcement approached Jia Liang Liu. Jia Liang Liu subsequently provided consent for law enforcement to search the Backpack, which contained approximately $39,100 in narcotics proceeds.

4. After speaking to Jia Liang Liu, Jia Liang Liu gave law enforcement consent to search an apartment (the "Apartment"), located in the same building as the Stash Location, where Jia Liang Liu was supposed to drop off the Backpack and leave. While in the Apartment, which contained two money counters and materials used to package money, the defendant Huizhong Su,

attempted to enter the Apartment to collect the Backpack. Law enforcement then spoke with Huizhong Su, who provided law enforcement with written consent to search the Stash House.

5. During their search of the Stash House, law enforcement found several items consistent with money laundering, including three money counters, and ledgers. They also recovered approximately $477,827 in United States currency. After being advised of his Miranda warnings, Huizhong Su agreed to speak with law enforcement and admitted that he knew that what he was doing was "illegal." He also admitted that the $477,827 would have been provided to other individuals if not for law enforcement's intervention.

6. Law enforcement is still in the process of reviewing the ledgers recovered from the Stash House. However, based on a preliminary reading of the Stash House ledgers, Huizhong Su and his conspirators were laundering millions of dollars on behalf of the DTO/MLO.